IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

'JAN 7 – 2010

G. ..._GORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02690-BNB

MICHAEL ANTHONY CASTRO,

  Applicant,

v.

B. DAVIS, Warden, ADX-Florence,

  Respondent.

_____

ORDER OF DISMISSAL

_____

Applicant, Michael Anthony Castro, is a prisoner in the custody of the United

States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative

Maximum ("ADX") in Florence, Colorado.  Mr. Castro initiated this action by filing a *pro

se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

In an order filed November 19, 2009, Magistrate Judge Boyd N. Boland directed

Respondent to file a Preliminary Response limited to addressing the affirmative defense

of exhaustion of administrative remedies if Respondent intends to raise that affirmative

defense in this action.  On December 3, 2009, Respondent filed a Preliminary

Response.  Mr. Castro has not filed a Reply.

The Court must construe the application filed by Mr. Castro liberally because he

is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court

1

should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed.

In the application, Mr. Castro alleges that he was not credited with 541 days of pre-trial confinement credit while he was detained at the United States Penitentiary in Beaumont, Texas.  Application at 3.  He further alleges that the BOP lost his legal files, and that it has only credited him with 35 days of pre-trial confinement credit.  *Id.*

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies.  Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Castro.  *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13–542.15.

According to the BOP records submitted by Respondent in support of the Preliminary Response, Mr. Castro has filed one request for administrative remedy that relates to improper medical care.  Prelim. Resp. at 4; Ex. A at 17.  Therefore, Mr.

Castro has not filed any remedies related to his claim in this action.  Mr. Castro is required to follow the procedures set forth in 28 C.F.R. §§ 542.13–542.15 to exhaust his administrative remedies.  Mr. Castro may not exhaust his "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).  While Mr. Castro asserts that he has "filed remedies and exhausted all avenues with BOP and unit team," he does not provide any documents that support this contention.  Application at 3.

For the reasons set forth above, the Court finds that Mr. Castro has failed to exhaust his administrative remedies with regard to his claim.  Furthermore, he still is able to complete exhaustion of his administrative remedies.  Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.  It is

DATED at Denver, Colorado, this 6th day of ___Jannary___, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02690-BNB

Michael Anthony Castro
Reg No. 65029-080
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

Juan Villaseñor
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on____1/7/10____

GREGORY C. LANGHAM, CLERK

By:_____
                 Deputy Clerk